# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| THOMAS ROBERT FOSTER | * | |
| 5611 Wilvan Avenue | * | |
| Baltimore, MD 21215 | * | |
| | * | |
| And | * | |
| | * | |
| THOMAS DARNELL FOSTER | * | |
| 5611 Wilvan Avenue | * | |
| Baltimore, MD 21215 | * | |
| | * | |
| And | * | |
| | * | |
| SURINA C. FOSTER | * | |
| 5611 Wilvan Avenue | * | |
| Baltimore, MD 21215 | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil Case No: |
| | * | |
| | * | **JURY TRIAL DEMAND** |
| POLICE OFFICER THOMAS E. WILSON | * | |
| C/O Baltimore Police Department | * | |
| 242 W. 29th Street | * | |
| Baltimore, MD 21211 | * | |
| | * | |
| And | * | |
| | * | |
| POLICE OFFICER KEITH GLADSTONE | * | |
| C/O Baltimore Police Department | * | |
| 242 W. 29th Street | * | |
| Baltimore, MD 21211 | * | |
| | * | |
| And | * | |
| | * | |
| POLICE OFFICER CARMINE VIGNOLA | * | |
| C/O Baltimore Police Department | * | |
| 242 W. 29th Street | * | |
| Baltimore, MD 21211 | * | |
| And | * | |
| | * | |

| | |
|---|---|
| POLICE OFFICER GREGORY FISHER | * |
| C/O Baltimore Police Department | * |
| 242 W. 29th Street | * |
| Baltimore, MD 21211 | * |
| | * |
| And | * |
| | * |
| COMMISSIONER FREDERICK H. BEALEFELD | * |
| C/O Baltimore Police Department | * |
| 242 W. 29th Street | * |
| Baltimore, MD 21211 | * |
| | * |
| And | * |
| | * |
| MAYOR & CITY COUNCIL OF BALTIMORE | * |
| 100 North Holliday Street | * |
| Baltimore, MD 21201 | * |
| | * |
| Defendants | * |
| | * |
| | * |

*************************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, THOMAS ROBERT FOSTER, THOMAS DARNELL FOSTER and SURINA C. FOSTER, by their attorney, Robert L. Smith, Jr., Esq., sues Police Officer Thomas E. Wilson, Police Officer Keith Gladstone, Police Officer Carmine Vignola, Police Officer Gregory Fisher, Former Police Commissioner Frederick H. Bealefeld, and the Mayor and City Council of Baltimore as follows:

### JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction in this case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.  The United States District Court for the District of Maryland is the proper venue as all events arising from this transaction occurred in Baltimore City, Maryland.

## PARTIES

3. The Plaintiff, Thomas Robert Foster, Jr. (hereinafter, "Foster, Jr."), is a citizen of Maryland and resides at 5611 Wilvan Avenue, Baltimore, MD 21215.

4. Plaintiff, Thomas Darnell Foster, (hereinafter, "Foster, Sr."), is the father of Plaintiffs Foster, Jr. and Surina C. Foster. Plaintiff Foster, Sr. is a citizen of Maryland and resides at 5611 Wilvan Avenue, Baltimore, MD 21215.

5. Plaintiff, Surina C. Foster (hereinafter, "Surina"), is the sister of Foster, Jr. and the daughter of Foster, Sr. Surina is a citizen of Maryland and resides at 5611 Wilvan Avenue, Baltimore, MD 21215.

6. At all times relevant herein, Defendant, Police Officer Thomas E. Wilson (hereinafter, "Defendant Wilson"), was employed as a Police Officer by the Baltimore Police Department and was an agent of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant Wilson acted within the scope of his employment and under color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

7. At all times relevant herein, Defendant, Police Officer Keith Gladstone (hereinafter, "Defendant Gladstone"), was employed as a Police Officer by the Baltimore Police Department and was an agent of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant Gladstone acted within the scope of his employment and under color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

8. At all times relevant herein, Defendant, Police Officer Carmine Vignola (hereinafter, "Defendant Vignola"), was employed as a Police Officer by the Baltimore Police Department and was an agent of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant Vignola acted within the scope of his employment and under

color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

9. At all times relevant herein, Defendant, Police Officer Gregory Fisher (hereinafter, "Defendant Fisher"), was employed as a Police Officer by the Baltimore Police Department and was an agent of the state of Maryland and / or the City of Baltimore. At all relevant times herein, Defendant Fisher acted within the scope of his employment and under color of his authority as a police officer with the City of Baltimore and / or State of Maryland.

10. Defendant Frederick H. Bealefeld (hereinafter, "Defendant Bealefeld"), was at all times relevant to this complaint the Police Commissioner of the Baltimore Police Department ("BPD"), an employee of the City of Baltimore and the principal administrator of the BPD. At all times relevant to this Complaint, Defendant Bealefeld was responsible for the institution and application of the BPD's employment policies, including its internal investigatory and disciplinary processes. At all relevant times, Defendant Bealefeld was responsible for establishing and enforcing the policies and practices of the BPD and its employees. Defendant Bealefeld was also responsible for the hiring, training, and supervision and control over those same employees. He was also responsible for ensuring that the actions of the BPD and its employees did not deprive any individual of the rights secured by the Constitution and laws of the United States as well as the constitution and laws of the State of Maryland and the City of Baltimore. At all relevant times, Defendant Bealefeld was the final authority in all disciplinary matters and was responsible for the actions of employees of the BPD.

11. Defendant, Mayor and City Council of Baltimore (hereinafter, "City of Baltimore"), is a municipality duly organized and existing under the laws of Maryland and is categorized as a local government in the State of Maryland. Defendant City of Baltimore is empowered to carry out certain governmental functions within its geographic limits and may sue

and be sued in its own name for illegal acts committed by its agents and employees. Furthermore, Defendant City of Baltimore appoints its Police Commissioner and retains the power to remove the Police Commissioner for acts of misconduct, malfeasance, inefficiency, or incompetence. In addition, Defendant City of Baltimore pays the salary of the Police Commissioner and all other employees of the BPD. At all times relevant to this action, Defendant City of Baltimore, through its agents and/or employees, condoned, ratified, authorized and/or engaged in the illegal practices and wrongful acts described in this Complaint.

## FACTS COMMON TO ALL COUNTS

12. Plaintiffs' home is owned by Foster Sr. It is a two story brick single family detached home that is equipped with surveillance cameras covering the front and exterior entrances of the residence.

13. On the afternoon of May 24, 2012 at approximately 3:10 p.m, Plaintiff Foster, Jr. exited the front door of his home, walked through his driveway across the street to his personal vehicle, and drove off. The surveillance camera in front of Plaintiff's home captured Foster Jr.'s image as he left home.

14. A few minutes later, Foster Jr. was arrested by Defendant Wilson and Defendant Fisher a few blocks away from his home.

15. After arresting Foster, Jr., Defendant Wilson wrote a detailed **_sworn_** statement of probable cause which purported to justify the arrest.

16. According to the sworn statement of probable cause, on May 24, 2012 at approximately 3:00 PM, Defendants Wilson and Fisher "entered a position near the 5600 block of Wilvan Avenue to make observations" of Plaintiffs' home.

17. According to his sworn statement, Defendant Wilson claims to have actually

observed Foster Jr. exit the front door of his residence while carrying a black drawstring bag in his hands. The black drawstring bag purportedly contained a substantial amount of CDS and related paraphernalia. Defendant Wilson further claims in his sworn statement that Foster, Jr. then entered his personal vehicle with the black drawstring bag and drove off.

18. However, in direct contradiction to Defendant Wilson's sworn statement, the surveillance camera at the front of Plaintiffs' home revealed that Foster Jr. was not carrying a black bag or any similar item in his hands when he exited his home.

19. According to the sworn statement, Defendants Wilson and Fisher initiated a vehicle pursuit after allegedly witnessing a suspected CDS transaction.

20. Subsequently, Defendants Wilson and Fisher placed Foster Jr. under arrest. While taking Plaintiff Foster into custody, Defendant Wilson employed excessive and unreasonable force against the person of Plaintiff Foster. Such force included, but was not limited to, striking Plaintiff Foster in his face while he was handcuffed.

21. After Foster Jr. was placed under arrest, Defendants Wilson and Fisher then responded directly to Plaintiffs' home, unlawfully and unjustifiably entered without a warrant and began unlawfully searching the premises.

22. At some point Defendants Gladstone and Vignola entered the premises without a warrant and assisted Defendants Wilson and Fisher in their unlawful actions.

23. The surveillance camera at the front of Plaintiffs' home captured the image of the Defendants as they entered the home without a warrant.

24. Foster, Sr. was not at home when Defendants Wilson and Fisher first entered Plaintiffs' home without a warrant. However, a short time after Plaintiff Surina Foster learned of the incident, she responded home.

25. While inside the home and in the presence of Surina, Defendants Wilson, Fisher, Gladstone and Vignola continued to search various areas of the home. As they conducted their unlawful search and seizure of the premises, Defendants Wilson, Gladstone, Vignola and Fisher, unlawfully restricted her movements. In addition, they unlawfully and unjustifiably threatened to place criminal charges against her.

26. Contemporaneous to these events, Defendant Wilson applied to the Circuit Court for Baltimore City, The Honorable Judge Michael Reed, for a search and seizure warrant.

27. In his application, Defendant Wilson signed a sworn affidavit wherein he falsely represented to the Circuit Court for Baltimore City the same false information he included in his statement of probable cause, namely, that he observed Foster Jr. leave his home carrying a black drawstring bag that contained CDS and related paraphernalia.

28. As stated, surveillance cameras at Plaintiffs' home proved that Foster Jr. DID NOT leave his home with a black bag or other similar item containing contraband, despite the assertions made in Defendant Wilson's sworn statements.

29. Based upon Defendant Wilson's false representations he made in his sworn affidavit (which substantially mirrored his statement of probable cause), the Circuit Court signed the search and seizure warrant for Plaintiffs' home.

30. Thereafter, Defendants Wilson, Gladstone, Vignola and Fisher continued their unlawful control of Plaintiff's home for several hours and searched several rooms. During their search, Defendants Wilson, Gladstone, Vignola and Fisher, without cause or justification, severely ransacked certain areas within the home.

31. The false assertions Defendant Wilson made in his statement of probable cause and warrant application led to Foster Jr.'s criminal indictment and subsequent incarceration.

In all, Foster Jr. was incarcerated from May 24, 2012 until December 7, 2012, totaling 197 days.

32. On or about December 7, 2012 the Office of the State's Attorney declined to prosecute Foster, Jr.

33. On or about November 20, 2013, Defendant Wilson was indicted in the Circuit Court for Baltimore City as and charged with Perjury and Misconduct in Office, Case No. 213324002. The indictment is a direct result of the false information Defendant Wilson provided in his affidavit and / or statement of probable cause against Foster, Jr.

34. Defendant Wilson has a prior history of making false representations to a Court. In fact, in 2003 Defendant Foster provided false testimony to this Honorable Court in the matter of *United States v. Mason Weaver,* Case No. 02-CR-00491-AMD. In that case, the Honorable Judge Andre M. Davis commented on the record that Defendant Wilson's affidavit and testimony were "knowing lies."

35. As a result of the unwarranted, unjustifiable and malicious acts of the Defendants, Plaintiffs Foster, Jr., Foster Sr. and Surina Foster were physically injured, have experienced great emotional distress, endured great pain and suffering, were humiliated and have had their reputations among their friends and associates severely injured. These damages will continue for the indefinite future.

36. At all times relevant hereto, the actions of individual Defendants Wilson, Gladstone, Vignola, and Fisher in: (a) knowingly falsifying an affidavit of probable cause; (b) knowingly falsifying an affidavit in support of the search and seizure warrant; (c) unjustifiably arresting Plaintiff Foster, Jr.; (c) imprisoning Plaintiff Foster, Jr.; (d) maliciously striking Plaintiff Foster Jr. in his face while handcuffed; (e) searching Plaintiff Foster Sr.'s home without

a warrant, (f) executing a false affidavit to obtain a search and seizure warrant; (g) unjustifiably restricting the movements of plaintiff Surina Foster; and (h) committing the other illegal and malicious acts described in this Complaint were all unlawfully performed by Defendants without justification, without probable cause, and were motivated by their wanton, malicious and reckless desire to inflict great emotional and physical distress and pain and suffering upon Plaintiffs.

## COUNT I

### 42 U.S.C. § 1983 - Constitutional and Civil Rights Violations – Defendant Wilson

37. Plaintiffs incorporates herein the allegations complained of in paragraphs 1 through 36 of this complaint.

38. Volume 42, Section 1983 of the United States Code prohibits a law enforcement officer from taking unwarranted actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and / or the laws and statutes of the United States.

39. The acts of Defendant Wilson described herein, namely, (a) knowingly falsifying an affidavit of probable cause; (b) knowingly falsifying an affidavit in support of the search and seizure warrant; (c) unjustifiably arresting Plaintiff Foster, Jr.; (c) imprisoning Plaintiff Foster, Jr.; (d) maliciously striking Plaintiff Foster Jr. in his face while handcuffed; (e) searching Plaintiff Foster Sr.'s home without a warrant, (f) executing a false affidavit to obtain a search and seizure warrant; (g) unjustifiably restricting the movements of plaintiff Surina Foster; and (h) committing the other illegal and malicious acts described in this Complaint were done without cause or justification and violated rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Foster, Jr. claims One Million Dollars ($1,000,000.00) compensatory damages and Two Million Dollars ($2,000,000.00) punitive damages from Defendant Police Officer Thomas E. Wilson, and

WHEREFORE, Plaintiffs Foster Sr. and Surina Foster claim Five Hundred Thousand Dollars ($500,000.00) compensatory damages and One Million Dollars ($1,000,000.00) punitive damages from Defendant Police Officer Thomas Wilson.

## COUNT II

### 42 U.S.C. § 1983 - Constitutional and Civil Rights Violations – Defendants Wilson, Gladstone, Vignola and Fisher

40. Plaintiffs incorporate herein the allegations complained of in paragraphs 1 through 39 of this complaint.

41. Volume 42, Section 1983 of the United States Code prohibits a law enforcement officer from taking unwarranted actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and / or the laws and statutes of the United States.

42. The acts of Defendants Wilson, Gladstone, Vignola and Fisher in: (1) unlawfully and unjustifiably entering and searching Plaintiffs' home without a valid search and seizure warrant and (2) unlawfully and unjustifiably restricting Plaintiff Surina Foster's movements and threatening to falsely charge her with committing a crime were done without cause or justification and violated rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs claim Five Hundred Thousand Dollars ($500,000.00) compensatory damages and One Million Dollars ($1,000,000.00) punitive damages from Defendants Wilson, Gladstone, Vignola and Fisher.

## COUNT III

**42 U.S.C. § 1983 - Constitutional and Civil Rights Violations – Defendants Bealefeld and Mayor and City Council of Baltimore**

43. Plaintiffs incorporate herein the allegations complained of in paragraphs 1 through 39 of this complaint.

44. Prior to May 24, 2012, Defendants Bealefeld and Mayor and City Council of Baltimore developed and maintained policies and customs within the Baltimore Police Department which caused the deprivation of Plaintiffs' constitutional rights.

45. Prior to May 24, 2012, Defendant Bealefeld and the responsible policymaking officials of the Defendant Mayor and City Council of Baltimore knew, or in the exercise their reasonable care should have known, that Defendant Wilson had engaged in a pattern and practice of misconduct, including but not limited to, falsifying affidavits, conducting illegal searches, employing the use of excessive force, making illegal arrests, falsely imprisoning, and otherwise violating the constitutional rights of persons in the City of Baltimore.

46. Despite knowledge of the aforesaid pattern and practice of illegality, Defendants Bealefeld and Mayor and City Council of Baltimore failed to properly investigate these instances of illegality, and failed to supervise, train and discipline Defendant Wilson.

47. Defendants Bealefeld and Mayor and City Council Baltimore and developed a "quota" policy or custom with regards to acts of illegality committed by officers, including defendant Wilson, against civilians which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of plaintiffs with impunity and with the explicit or tacit approval of Defendants Bealefeld and the Mayor and City Council Baltimore.

48. As a direct and proximate result of the acts and omissions of the Defendants Bealefeld and Mayor and City Council of Baltimore, plaintiffs have suffered the injuries and

damages aforesaid, all in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs claim Five Hundred Thousand Dollars ($500,000.00) compensatory damages and One Million Dollars ($1,000,000.00) punitive damages from Defendants Bealefeld and Mayor and City Council of Baltimore.

Respectfully submitted,

/s/_____
Robert Smith, Jr., Esquire
Fed. Bar No. 024468
2317 Saint Paul Street
Baltimore, MD 21202
(410) 244-1222
rlsmithesq@verizon.net

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of this case.

/s/_____
Robert Smith, Jr., Esquire